FILED

2021 Mar-31  PM 02:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

ANTWOINE D. GRAY,          )
                                     )

     Plaintiff,            )
                                     )

v.                             )     Case No.  7:21-cv-00150-LSC-HNJ
                                     )

INMATE PRISONERS TRUST, et al.,  )
                                     )

     Defendants.        )

## MEMORANDUM OPINION

The magistrate judge filed a report and recommendation on March 15, 2021, recommending this action be dismissed without prejudice as frivolous and for failing to state a claim upon which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  (Doc. 4).  The magistrate judge notified the plaintiff of his right to file objections within fourteen (14) days of the report and recommendation (*id*.), and on March 25, 2021, the court received the plaintiff's timely objections (doc. 5).

The majority of the plaintiff's objections challenge the law this court must apply, specifically 28 U.S.C. §§ 1914, 1915, and 1915A, as being "in bad faith fraud of Fed. R. Civ. P. Rule 56(g)  and Rule 60(b)(4)."[1] (Doc. 5 at 1-5).  However, the

---

[1] Fed.R.Civ.P. 56 concerns summary judgment procedures.  Those rules do not apply in this instance, as the plaintiff's failure to state a viable claim prevents this case from proceeding to that point.  Fed.R.Civ.P. 60 provides instructions on how to receive relief from a judgment or order. That Rule does not apply to a magistrate judge's report and recommendation.  Rather, Fed.R.Civ.P. 72 governs the process used here.  As provided in Rule 72(b), the plaintiff filed written objections

plaintiff refused to pay the applicable filing fees or file a motion to proceed *in forma pauperis*, and refused to file an amended complaint (*see* doc. 3), after being instructed that he had failed to state any claim, against any named defendant, upon which relief could be granted.

A complaint "must contain sufficient factual matter … to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Specifically,

> [u]nder § 1915A, the district court must review a prisoner's § 1983 complaint "before docketing, if feasible, or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The district court must "identify cognizable claims," *id.* § 1915A(b), and dismiss any portion of the complaint that [] is "frivolous, malicious, or fails to state a claim upon which relief can be granted." *Id*. § 1915A(b)(1).

*Dollar v. Coweta County Sheriff Office*, 446 F. App'x 248, 250 (11th Cir. 2011); *see also Iqbal*, 556 U.S. at 678. "[A]n action is frivolous if it is without arguable merit either in law or fact." *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (quotation marks omitted); *see also Netizke v. Williams*, 490 U.S. 319, 325 (1989).

Even if the plaintiff had complied with 28 U.S.C. §§ 1914 and 1915 concerning the costs of filing this action, because the plaintiff is a prisoner, the court is required to review his claims, as set forth in § 1915A(a) and (b)(1). *See e.g.,*

---

to the report and recommendation and the undersigned district judge has considered those objections as required by Rule 72(b)(3).

*Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1096 n.11 (11th Cir. 2014) ("under 28 U.S.C. § 1915A, the district court may *sua sponte* dismiss a prisoner's complaint or any portion of the complaint for any of those four reasons [stated in § 1915A] prior to service of process."). The plaintiff's failure to state any valid legal claim mandates dismissal. *See e.g., White v. DeKalb Cty.,* 665 F. App'x 795, 797 (11th Cir. 2016). And, in any event, the court may dismiss this action based upon the plaintiff's refusal to comply with the court's instructions to pay his filing fees or file an application to proceed *in forma pauperis*, and to file an amended complaint. *See Wimbush v. Georgia,* 673 F. App'x 965, 967 (11th Cir. 2016).

The remainder of the plaintiff's objections are similarly nonsensical. He alleges that "[p]ursuant to the U.S. Government Accountability Act statutes under Title 5 Appendix 4 § 104 subsection provisions we demand federal employees Judge's be held accountable for not affixing the writs and court process under 28 U.S.C. § 1691, in violation of 28 U.S.C. § 563 and § 453." (Doc. 5 at 5 (errors in original)). As no writ or process has been issued, § 1691 has no bearing on the plaintiff's claims. The plaintiff's "demand under 28 U.S.C. § 1653" (*id.*, at 6) fares no better, that code provision concerns amendment of pleadings to cure defective allegations of jurisdiction. It provides no assistance to the plaintiff.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, and the objections thereto, the

3

court **OVERRULES** the plaintiff's objections.  The magistrate judge's report is **ADOPTED** and the recommendation is **ACCEPTED**.  Therefore, in accordance with 28 U.S.C. §§ 1915(e)(2) and 1915A(b), this action is due to be dismissed without prejudice as frivolous and for failing to state a claim upon which relief can be granted.

A Final Judgment will be entered.

**DONE** and **ORDERED** on March 31, 2021.

_____
L. Scott Coogler
United States District Judge

160704